The NTC Court, Ben Flowers, on behalf of Visionwide Biweekly Administration, and I will do my best to reserve some minutes for a point. The district court made some mistakes relevant to this view. First, it dismissed the case in the younger grounds, despite having already grappled with and ruled on the merits of the preliminary injunction stage. Second, it denied the preliminary injunction, based on its misunderstanding of the Commerce Clause. I'm going to try today to address both issues, beginning with younger. Courts cannot abstain under younger. Based on a state suit that is filed after the federal case, it has already reached proceedings of substance on the merits. The district court here reached proceedings of substance on the merits at the very latest when it denied our request for a preliminary injunction in an opinion addressing the merits of our dormant Commerce Clause claim that on the two months, approximately two months before, the state filed its suit so younger would be improper. That that wasn't proper follows from the Supreme Court's decision in a Y Housing Authority v. Minkins. In that case, the Supreme Court held that the grant of a preliminary injunction is a proceeding of substance on the merits. Now, to be sure, this case involves denial, but that distinction does not matter here. At least in cases where the denial is predicated on the court's consideration of the likelihood of success on the merits, as this one was, then in either circumstance, whether it's a grant or a denial, the district court will have engaged with the merits and engaged in substantial proceedings on the merits. So the court would contradict the Supreme Court precedent if it returned to district court. It would also create a circuit split. The only case that we're aware of addressing the situation is the Third Circuit's decision in Connecticut. In that case, the Third Circuit held that the denial of the preliminary injunction by the district court moved the case too far beyond the impounding stage for younger abstention to be proper. And the facts of that case are strikingly similar to the facts here. There was a denial of a preliminary injunction based on a briefing and affidavits and the like. A notice of appeal was filed. And it was only after the notice of appeal was filed that the state initiated its state suit. In this case, was there a briefing on the appeal or a notice of absence of appeal that was filed? There was a briefing on the appeal from our side. And the state sought an extension, saying the district lawyers were occupied with other things. And then shortly before, it would have been due. And we ended up filing the state suit and moving to dismiss on younger grounds. But we did file our opening brief with preliminary injunction at the end of it. So in Connecticut, held in a very similar circumstance, the court had gone too far. The district court had gone too far for younger abstention to be proper, and we spent the same term here. So unless there are questions on younger, I'd like to turn to the merits. Had the defense ever filed an answer in the underlying suit? In this case, the defense did not file an answer. But the answer would have looked much like their opposition to the preliminary injunction motion, and their motion to dismiss. And that was a purely legal issue, in fact. And they said that the government commercial laws and our other claims are legally inadequate. I think you mentioned in your brief several times that they were aggressively litigating the matter. It looks to me that most of their litigation was in a defensive posture, as opposed to in a more affirmative posture. Is that accurate? I'm sorry. Is that accurate? Two answers to that. The first point to go directly to your question is that they were aggressively litigating it, even if you look on the anti-affirmative section. So for example, they moved to dismiss, and the motion to dismiss was a substantial motion raising both standing issues and totally sex issues. That was not a response to us. That was something they filed to avoid filing the answer. They sought judicial notice. They challenged the HRA submissions that we made. I wouldn't dissent at all. That constitutes aggressively litigating. I would also say, though, that the court does not inoculate into the fact that the district court engaged with the merits and tied our motion on the merits is enough to say that they've moved too far down the line for an extension. Fine with me. But one thing that strikes me about this is that the Supreme Court has a phrase, embryonic, and it's against the county's standards. And I don't know what we're supposed to do with that. Exactly. I would say, I agree that the word embryonic is not helpful. But what is helpful is their definition of that as being a proceeding of substance on the merits. And the guidance they provided in cases like Hawaii Housing Affiliate, which has two grants for a preliminary injunction, by my rule, is a proceeding of substance on the merits. I think you can also look to other principles that the court regularly refers to. They make clear, in many, many cases, that younger is a very narrow carve out, which is the rule that federal courts have to hear and decide the cases that are properly before them. It's not clear what the government's limiting principle would be, how this would stop them any time that something's filed before you, basically, into a jury trial. And my obsession would be the problem. Can I ask, what is the status of this case and what is going together? And is Hawaii not on state court? I mean, we're all going to answer. Well, it is a state court. It's not on a trial. And it's tentatively set for June, and it's frankly unlikely to occur, because we're still litigating whether we're entitled to a jury trial. The trial courts that we were not, we celebrated our mandate, which was denied. The California Supreme Court unanimously ordered the appellate court to order the government to explain why we weren't entitled to a jury trial. So it hasn't gone all that far down the line. And if it's different, it's a legal briefing in state court. What I'm curious about is whether the state, the district courts, your injunction and opinion on the merits has been cited in the state court at all. I don't know that it's been cited. There hasn't been merits briefing. But what I would say is that if that's enough to, if that suffices here, then it would allow the affirmance of many incorrect under extension cases, because when the district court hears and they're stating why Hawaii wasn't entitled to a jury trial, that's the problem. It's letting things get a cult as far as they have a partial legal ruling. I agree. It is a problem to abstain and allow the state court to continue, and then use the fact that the state court continued after the improper abstention to justify affirming the improper abstention. I can't at least briefly touch on the merits, but I'm happy to stick to your merits and honest questions. So I'll try to be very brief here. First of all, the reason it's important to reach the merits is that the district court, when it denies a preliminary injunction, already said something about the merits. So if the court refers to remands purely as undergrounds, it's likely to stick with what it already said. So if the court is not comfortable going all the way to granting a preliminary injunction, we request that you at least say something about the district court's analysis so that it knows not to repeat its errors on remand. And it's a district court error. I should probably say why. Under the Commerce Clause, state laws, technically speaking, we do not have the preliminary injunction. I mean, do we have the preliminary injunction appeal before us on the theory that it somehow wraps into the merits, into the final judgment? I don't know why. So they are merits, which is why that case was dismissed by this court to begin with. And just to make a cite to that, Adult World Milk Store, which is the case both parties cite, was a case in which the district, the United Circuit, reversed the improper younger abstention and went on to address the merits of the preliminary injunction in motion, which the district court had not reached because it dismissed the preliminary injunction appeal to vote after abstaining on hearing. So really simply, the Commerce Clause says that state laws that we say for in-state economic interests and for out-of-state economic interests are virtually per se invalid. The state does not argue that they can satisfy that standard. It's decided so. When they say that the standard doesn't apply, that's patently false. The law here says that for a corporation to act as a prorater, it must get licensed. And to get licensed, it must be incorporated in the state of California. A corporation incorporated in the state of California needs an in-state economic interest. And to favor that particular group of in-state economic interest over out-of-state interest is a classic violation of the Commerce Clause. And the state and the district court try to get around this in two ways. Neither of them works. The first is to say that the law treats everyone equally because anyone can just become incorporated in the state. All that does is acknowledge the fact that the state does give favorable treatment to in-state economic interest. And so it can give the state a favorable treatment if you become an in-state economic interest. The Department of Commerce Clause does not allow that logic anywhere. Again, points to a case where the court has acknowledged it. I'll say briefly, the district court relied on the line energy in Seventh Circuit. It is a Seventh Circuit case that overturned the Wisconsin law on the part of the Department of Commerce Clause which said that public holding companies have to be incorporated in the state of Wisconsin to own shares in Wisconsin public utilities. The court said that that would be subject to the virtual first state rules. The logic that I'm giving confirms our position, if anything. I see that I'm out of time, but let me just say if the court has further questions on the line, I can address them in my rebuttal time or with anyone who may not be briefed as well. Thank you for that. Good afternoon, your honors. May it please the court, Lucy Wang, on behalf of the appellee, Jalynn Owen. This case is not about the constitutionality of California's statutes relating to providers. This case, the only matter that is on appeal is whether or not judges were properly granted DBO's motion to dismiss the federal lawsuit. I think the best place to affirm that decision is Judge Koch's opinion in which she stated that this case was only in its infancy. Younger abstention applies where no proceeding of substance has taken place. And here, there is no numerical benchmark for whether or not a proceeding of substance has taken place. What courts have looked at in decisions where they have granted abstention, such as fresh international linkage, is whether or not the federal court was engaged. We submit that here's... Yes. You are out of the preliminary. If it was there, it would automatically be validated in the decision. But... Well, the cases show that where there's been a denial of a TRO and a preliminary injunction, it was... This wasn't a TRO. It was a preliminary injunction. It was quite different. Well, they're very similar in terms of the standards that apply in terms of what the court looks at with you. But you probably, first of all, they're not at all similar in the timing, and second of all, they're not particulars. Usually, and in this case, it's all right as soon as there's a conclusion. And it extends to brazing. Well, here, the only brazing that occurred, the brazing that occurred, occurred only on the papers to the extent that the court did not require an evidence. Why does that matter? Well, that matters because when courts look at whether or not denial of a condition applies, they look towards how involved the federal court was. Well, the federal court is certainly pretty involved. You're out of rather lengthy opinion after reading a lot of briefs. Often, when a particular court strokes that hearing, it's not an opinion, it's just a paralegal question. Well, what was the argument for? Well, beyond just a preliminary injunction motion, there were no hearings held on this case. There was no discovery. There was not even a status conference held. I mean, this case did not move beyond the embryonic stage as that phrase has been used in the cases applying Younger Extension. Determining... So, with regard to the Younger Extension, which properly applied here, there were two motions, the motion for preliminary injunction as well as the motion to dismiss, that had been granted. There was no discovery. The problem is that there's really only one issue in this case, under Maris, which is a legal issue about the German congress clause, right? And it was briefed and addressed directly to the district court. It was even in MPL files, a brief on MPL files, before it straight went forward. So, nothing that was going to happen afterwards would have amounted to much. In other words, we could have either affirmed or denied the preliminary injunction, which would have, to all effects and purposes, decided the only issue in the case, the legal issue, and that would have been the end of the case. Well, in terms of the briefing on the appeal of the preliminary injunction, that briefing is not part of the determination of whether or not proceedings of substance had occurred before the federal district judge. When you look at whether or not proceedings of substance had occurred, you look at what judge wrote, which she determined that the case was in. Why would that be? I understand she articulated that, but in this case, you don't usually get to appeal to the court at any point that anybody would call embryonic. But what you really want to know is, have the federal courts greatly invested themselves in this problem? They obviously have. Well, if there is an appeal, why would you ignore the appeal for that purpose? Well, the appeal was not before Judge Coe. I know it wasn't. But so what? Well, no case has held that. There's already a case in which there's been an appeal filed in place, and nonetheless, just missed. And you know it. So, I defer to Judge Coe's opinion, which she examined the proceedings in this case and determined that the case was in its infancy and that no proceedings of substance had occurred in this particular case. The other two factors, that marriage and younger abstention, are not in dispute, so I won't cover them. I do want to briefly cover Agent White's argument that there has been a California probator licensure law violates the Dormant Commerce Clause. He misstates the requirement. 12-200.1 requires that all corporations, both in California and outside of California, must incorporate for purposes of getting probator licensure. So the application of that statute applies equally to both. But that's like saying that if you require that somebody be a resident of California, to do something that requires both residents of California or non-residents of California to be residents of California. That's what you're saying. Well, what I'm saying is that the statute applies equally to both. Yes. So, in my example, it requires everybody to be a resident of California, so a non-resident of California has to be a resident of California. Well, the court in Hawaii looked at courts with a similar statute in mind and determined that that type of statute did not violate the Commerce Clause. So, Hawaiian Energy is the statute that was determined not to violate the Commerce Clause in a line most similar to our statute here. And we urged the court to look at Judge Koh's order in which she examined that and determined that there is a highest quality of a claim that the merits of the preliminary injunction are before us. If the dismissal is wrong. If the dismissal, yeah, the grant is wrong, do we then reach the preliminary injunction question? I do not believe the merits of the preliminary injunction are before us. Well, what would happen then? Would they have no chance to appeal to the highest preliminary injunction? No, they would not. Really? Well, because this case has been dismissed. What? The plaintiffs did. Well, if it was determined that it was improperly dismissed, then what? That would raise an interesting question. I'm not sure what the answer would be. It's rather important. It's rather pertinent, isn't it? Well, if it was determined that the motion to dismiss should not have been granted, then it's the answer reason that that appeal would be rendered non-moot. But there is no appeal that fails to dismiss as well. It's a little bit of a quagmire. Unfortunately, that's not before us today. It isn't? Well, the issue of the preliminary injunction. Why not? You're assuming you're going to win a dismissal question, so why'd you lose on it? That's what I'm asking you. If you lose on it, is the merits of the preliminary injunction before us today? Well, no, because the federal courts have already denied the preliminary injunction. I'm asking if it was appealed. And if the appeal was dismissed because it's interdismissal. Martha, if you're just not prepared to answer this, thank you. So, unless the court has any further questions on the Younger abstention, then I'm ready to submit all the briefs. Thank you. Okay, I ask you, do you believe that the denial of the preliminary injunctions, many of which you denied in the preliminary dismissal, is correct because it's a violation of the merits? Should we have a rule relating to denial of the preliminary injunctions, which means you are insufficiently involved in the merits? I think that's a good question. So you're saying that it doesn't apply? I would say that's an appropriate rule, and we would certainly not object to it. I don't think you need to go that far here. I think you can say at least in cases where the court grapples with the merits, extensively, and considering the likelihood of a successful trial, that that is a proceeding of substance. So you're going to have the court examine the reasons in the words of the decision judge, to the extent that the decision judge has ever expressed a view on the merits. Now, in any case, do you deny the preliminary injunctions? I would say yes, indeed, because one of the specific reasons of any of the dismissal laws was the 20 page opinion addressing the merits. What does that suggest? I'm not exactly sure about that. So this is why I think a bright rule is appropriate. A bright rule? Yeah, I think a bright rule is perfectly appropriate. It would further the interest in making sure that federal courts hear all cases properly before them. All I need to say is if your court is not comfortable with that bright line rule, it is perfectly appropriate to not even go that far in this case, because there's too many facts in this case, and your court might grapple with the merits. Isn't it ignorant, though, that in every situation with a DRO or a preliminary injunction, to a certain extent, the trial judge is always going to have to grapple with the merits as long as likelihood of success is a factor? I think it's true. Well, unless they decide there's no reputable harm. They could find no reputable harm, or there's the public balance. So, you know, I've checked it one way or the other, but they don't have to reach it. I still have 25 seconds left, so anyone can try. Okay. I'm going to very briefly respond to one point my state made in their case. You know, light energy is true. The Seventh Circuit did uphold one law. What that law said is that in order to have a license to operate a power plant or, I'm sorry, to operate our own power plant, power equipment, things of that nature, one had to be incorporated in the state of Wisconsin. The Seventh Circuit upheld that not because the law was non-discriminatory. In fact, it was discriminatory. But the Seventh Circuit said it's the generation and provision of electricity solely within Wisconsin's borders. I guess it's all that was at issue there. It's intrastate tumors, not interstate tumors, and that's not subject to the Dormant Commerce Clause at all. So that opinion, again, upholding, that's not thinking to help the state. And the remainder of the Court's opinion confirms our view of the merits by saying that the law required public utility holding companies to incorporate in the state of Wisconsin to own shares of public utility companies. They said that would be subject to the Virtual Pursuit Rule. That's the statute. So I don't think it's a permanent issue here. So I will start with other questions. That's all I have. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Reinhardt, Berzon, Montgomery